Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. JEREMIAH D. TOLIVER     '07 JAN -5 P3:56           Docket No. 01-00008-001 ERIE

### Petition on Supervised Release

CLERK
U.S. DISTRICT COURT

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jeremiah D. Toliver, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 5th day of December 2001, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.
- The defendant shall pay to the United States a special assessment of $100.

12-05-01:   Felon in Possession of a Firearm; Sentenced to 41 months' custody of the Bureau of Prisons to be served consecutive to previously imposed sentence by the Erie County Court of Common Pleas, to be followed by 3 years' supervised release.
03-14-05:   Released to supervision with the U.S. Probation Office at Pittsburgh.
01-25-06:   Supervision transferred from U.S. Probation Officer Michael DiBiasi to U.S. Probation Officer David Conde.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the supervised releasee has violated the following conditions:

**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Mr. Toliver has had two periods of time in which he failed to report to the Probation Office as directed. On October 5, 2006, Mr. Toliver was instructed to report every Thursday to the Probation Office. However, Mr. Toliver failed to report for two consecutive weeks and was not seen again until November 2, 2006. The second period of time that Mr. Toliver failed to report to the Probation Office was between November 2, 2006, until December 18, 2006. On this occasion, Mr. Toliver had been instructed to report every Thursday and failed to do so. Mr. Toliver would not report to the Probation Office again until a home visit was conducted on December 13, 2006, at which time he was instructed to report to the Probation Office on December 18, 2006.

Mr. Toliver has failed to submit a written report by the fifth day of each month to the Probation Office. Mr. Toliver presently has failed to submit a written report for the months of October and November 2006. It should be noted that since December 2005, Mr. Toliver has only submitted written monthly reports when the Probation Office has made him fill out the report as a result of an office visit. Reports for the months of January through March 2006 were submitted on April 6, 2006, and reports for the months of April through September 2006 were submitted on October 5, 2006.

U.S.A. vs. Jeremiah D. Toliver
Docket No. 01-00008-001 Erie
Page 2

**The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.**

Mr. Toliver was employed at Splash Lagoon from late January to early April 2006. Since that time, he has been encouraged by the Probation Office to obtain employment. He has been required to inform the Probation Office of his efforts to obtain employment. However, attempts by the Probation Office to evaluate his job search efforts have been hampered by Mr. Toliver's inconsistent compliance to report to the Probation Office as directed. In December 2006, Mr. Toliver stated to the Probation Office that he had not been seeking employment in earnest and was simply "hanging at home with his kids (girlfriend's kids) and playing video games." Throughout these past 21 months of supervision, Mr. Toliver has not demonstrated a sincere desire to obtain employment nor has he provided any reason why he would be unable to be employed.

On December 18, 2006, Mr. Toliver signed a Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Time of Supervision (enclosed), in which he agreed to the following modification of supervision: The releasee shall participate in the United States Probation Office and Bureau of Prisons' Comprehensive Sanctions Center Program until released by the program review team, for a period not to exceed 180 days.

PRAYING THAT THE COURT WILL ORDER that the probationer participate in the United States Probation Office and Bureau of Prisons' Comprehensive Sanctions Center program until released by the program review team for a period not to exceed 180 days.

I declare under penalty of perjury that the foregoing is true and correct.

ORDER OF COURT

Considered and ordered this _____ day of _____ , 20 ____ and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

Executed on  Jan. 5, 2007

_____
David J. Conde
U.S. Probation Officer

_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place:    Erie, PA